# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>ERIK BJERKE, JEFFREY CROWELL, CHAD PIGG FIFE, EMILY FLETCHER, BRITTANY HARTNETT, KEVIN HIGGINBOTHAM, JAMES KAUFMAN, JEFFREY NEUMEYER, STEVEN PREDILETTO, JOSEPH SACCO, MICHAEL SONTAG, ELIZABETH WHITE, OPENARC CORPORATE ADVISORY, LLC, DYNASTY FINANCIAL PARTNERS, LLC and CHARLES SCHWAB & CO., INC.<br><br>Defendants. | Civil Action File<br>No. 1:25-cv-05437-VMC |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This Court having read and considered the Verified Complaint and the exhibits thereto, the Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"), and the accompanying Memorandum of Law with affidavit attached thereto, filed on September 24, 2025 in this matter, on behalf of

1

Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), the Court, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and after review of the facts set forth in the Verified Complaint, Motion, and supporting Memorandum of Law, concludes that Merrill has demonstrated a need for the issuance of a temporary restraining order to prevent irreparable harm and need for expedited discovery.

Accordingly, the Court **GRANTS** Merrill's Motion. It is further **ORDERED** and **DECREED** that Defendants are enjoined and restrained until a hearing and thereafter until further Order of this Court from, directly or indirectly, and whether alone or in concert with others:

(1) Soliciting or initiating contact or communication with, either directly or indirectly, any Merrill and/or Bank of America account, customer, client, prospect, lead, or referral, whom they serviced or whose name became known to them during their employment with Merrill;

(2) Soliciting or interfering with any of Merrill's employees, or encouraging or inducing them to leave Merrill's employ;

(3) Retaining any Merrill trade secrets or other proprietary/confidential Merrill information, customer information, or employee information (collectively, "Confidential Information"), whether in original, copied, handwritten, electronic, computerized, or other form;

(4) Using, disclosing, or transmitting the Confidential Information for any purpose, including the solicitation of customers or employees; and

(5) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any Confidential Information, or other documents (including data or information maintained in computer media) in Defendants' possession or control that were obtained from or contain information derived from any Merrill records or that otherwise relate to any of the events alleged in the Verified Complaint in this action.

It is **FURTHER ORDERED** that Defendants shall:

(6) Return any and all Confidential Information and other documents, whether in original, copied, handwritten, computerized form (including data or information maintained in computer media), or memorialized in any other form, to Merrill's counsel within twenty-four (24) hours of notice to Defendants or to their counsel of the terms of this Court's Order.  Defendants, and anyone acting in concert with Defendants, are precluded from reconstituting or in any way restoring any Confidential Information deleted and/or returned to Merrill pursuant to this Paragraph;

3

It is **FURTHER ORDERED** that:

(7)   The Court's Order shall remain in full force and effect until such time as either a FINRA arbitration panel renders a final decision on Merrill's request for permanent injunctive relief or this Court specifically orders otherwise.

SO ORDERED, this ___ day of _____, 2025.

_____
Honorable Victoria M. Calvert
United States District Judge
Northern District of Georgia